**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN BERGUND,**

             **Plaintiff,**

    **v.**                              **Civil Action 2:19-cv-1953
                                     Judge Michael H. Watson
                                     Magistrate Judge Jolson**

**TRADESOURCE, INC., et al.,**

             **Defendants.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Plaintiff's unopposed Motion for Production of Medical Records.  (Doc. 50).  For the reasons that follow, Plaintiff's Motion is **GRANTED in part and DENIED in part**.

## I.      BACKROUND

This is a negligence action stemming from a fatal motor vehicle accident in June 2018. (*See generally* Doc. 39).  Plaintiff is the administrator of the decedent.  (*Id*., ¶ 1).  Non-party Alan William Schubert, who caused the accident, worked for Defendants TradeSource Inc. and TSI Professional ("TradeSource"), a construction staffing service.  (*Id*., ¶¶ 2–3).  After the accident, Schubert was found to have levels of methamphetamine twice the therapeutic level as defined under Ohio law.  (*Id*., ¶ 24).  He is currently serving a twelve-year prison sentence for aggravated vehicular homicide and pandering child pornography.  (Doc. 50 at 2 (citing *State of Ohio v. Schubert*, No. 19-cr-00394, (May 24, 2019))).

Plaintiff alleges that, because at the time of the accident Mr. Schubert was returning from a job performed on behalf of Tradesource, his actions were in the course and scope of his employment.  (Doc. 39, ¶ 14).  Accordingly, Plaintiff seeks to hold Tradesource vicariously liable

for the actions of Mr. Schubert. (*Id.*). Additionally, Plaintiff alleges that Tradesource negligently hired, supervised, and retained Mr. Schubert. (*Id.*, ¶¶ 21–28). In the instant Motion, Plaintiff requests that the Court order Mr. Schubert's healthcare records from January 1, 2010, to the present. (*See generally* Doc. 3).

On January 29, 2021, the Court afforded Mr. Shubert thirty days to respond or object to Plaintiff's Motion. (Doc. 51). The Clerk mailed a copy of that order as well as Plaintiff's Motion to Mr. Schubert and his attorney, and service was acknowledged on February 5, 2021. (Doc. 52). As of the date of this Opinion and Order, Mr. Shubert has not objected or otherwise responded to Plaintiff's Motion. Furthermore, Plaintiff contacted Mr. Schubert's attorney to negotiate the release of these medical records and received no reply. (Doc. 50 at 3). As a result, the Court will treat Plaintiff's Motion as unopposed and ripe for resolution.

## II.    DISCUSSION

At the outset, the Court finds that Mr. Schubert's medical records are relevant. *Reid v. U.S.P.S.*, No. 3:07-cv-00453, 2009 WL 10679572, at *3 (S.D. Ohio May 5, 2009) (finding that, where a driver's alleged medical condition caused a motor vehicle accident and the death of Plaintiff's decedent, his medical records were relevant). Because, however, Mr. Schubert is a non-party, Plaintiff's ability to obtain these records is constrained by the Health Insurance Portability and Accountability Act of 1996 ("HIPPA").

Under HIPPA there are three mechanisms for obtaining a non-party's medical records: (1) a HIPPA-compliant court order; (2) a HIPPA-complaint authorization/release signed by the non-party; or (3) Rule 45 subpoenas. While the Court agrees that a such an order is the most efficient method to obtain these records, it is worth noting that the law affords Plaintiff multiple avenues to

secure this information.  Of similar import, as detailed above, the Court has afforded Mr. Schubert ample opportunity to respond or otherwise object to Plaintiff's Motion.

A covered entity is permitted to disclose protected health information "in the course of any judicial or administrative proceeding . . . [i]n response to an order of a court . . . provided that the covered entity discloses only the protected health information expressly authorized by such order." 45 C.F.R. § 164.512(e)(1)(i).  In this circumstance, disclosure is appropriate even without the individual giving written authorization, as described in § 164.508, or being afforded an opportunity to agree or object, as described in § 164.510.  *Id*.  To ensure compliance with HIPPA, any such order must both ensure that the protected information is not used  "outside the litigation process" and that the records, and any copies thereof, are returned or destroyed at the conclusion of the litigation.  *Jacobs v. Connecticut Cmty. Tech. Colls.*, 258 F.R.D. 192, 197 (D. Conn. 2009).

While the parties' Protective Order (Doc. 17) goes some way toward ensuring that the protected information is not used "outside the litigation process[,]" the Court finds further guidance necessary to ensure compliance with HIPPA.  First, while the Court finds Mr. Schubert's medical records relevant, on balance, the scope of Plaintiff's request—spanning eleven years—is too broad.  Accordingly, in the interests of efficiency and cost effectiveness, the Court limits its Order to only those medical records created on or before January 1, 2017.  Should Plaintiff encounter relevant records outside this timeframe, he is to notify the Court, at which time the Court will consider amending its Order.  Furthermore, the Court includes additional language ensuring that the records, and any copies thereof, are returned or destroyed at the conclusion of this litigation.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is **GRANTED in part and DENIED in part**. In accordance with this Opinion and Order, an appropriate Order for the disclosure of Mr. Schubert's medical information is included below.

IT IS SO ORDERED.


Date:  March 12, 2021                                /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOHN BERGUND,**

          **Plaintiff,**

    **v.**                                **Civil Action 2:19-cv-1953**
                                             **Judge Michael H. Watson**
                                           **Magistrate Judge Jolson**

**TRADESOURCE, INC., et al.,**

          **Defendants.**                   **ORDER**

Pursuant to 45 C.F.R. 164.512(e)(1)(i), that any person or entity, including "covered entities" as defined by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, § 264, 110 Stat. 1936 (1996), and regulations issued there-under ("HIPAA"), shall produce to attorney Mitchell J. Alter (Ohio Bar Registration 0019961), without need for a subpoena, all documents and records requested in writing by him that pertain to the healthcare of Ohio resident Alan William Schubert (date of birth November 18, 1969) and that were created after January 1, 2017.

Furthermore, Plaintiff is **ORDERED** to return or destroy any such records, or any copies thereof, at the conclusion of this litigation.

    IT IS SO ORDERED.


Date:  March 12, 2021                        /s/ Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                         UNITED STATES MAGISTRATE JUDGE